*(4975) Lincoln -*
*1. Call Sara Sent July 6, at 10:50 in morning for extension of time. She wasn't in.*

# SUPREME COURT CASE NO. DA11-0138

In the Supreme Court of the State of Montana

**WILLIAM SHRINER**

    Petitioner and Appellant

**DEPARTMENT OF LABOR**

**WILD JACK'S CASINO**

    Respondent and Appellees

---

### APPENDIX TO APPELLEE'S BRIEF

---

On appeal from the Montana First Judicial District Court Lewis and Clark County Cause No. DA 11-0138 District Judge Jeffrey M. Sherlock.

---

**APPEARANCES**

| | |
|---|---|
| WILLIAM SHRINER | Legal Services |
| P.O. Box 572 | P.O. Box 572 |
| Lincoln, MT 59639 | Lincoln, MT 59639 |
| 406-362-4712 | 406-362-4712 |
| | |
| | Sar R. Sexe |
| | 2 Railroad Square, Suite C |
| | P.O. Box 1525 |
| | Great Falls, MT 59403 |
| | Attorney for Respondent |
| | 406-268-1000 |

# Table of Contents

Table of Contents .................................................................................................. i
   Table of Authorities ........................................................................................ ii
I  Statement of Facts/Statement of Case ................................................................. 1
II  Standard of Review ............................................................................................ 3
   III Summary of Argument
   IV Argument
   V Conclusion
 Certificate of Compliance                                                 1
 Certificate of Service                                                           1

I.  Table of Authorities

    Rule 59 (B)        Pg. 692
    Rule 60 (B)        Pg. 693

2A Mont D-85     Appeal & ERROR    Pg. 842
    Mont 2000
    McCauley v. Thompson-Nistler
    10 P. 3d 794, 301 Mont. 81, 2000 Mt 215.

    Mont 2000
    H-D Irrigating Inc. v. Kimble Properties
    Inc. 8 P. 3d 95, 301 Mont. 34, 2000 Mt.

## Statement of Facts/Statement of Case

On 2/23/09 filed a Human Rights case, I gave witness to the Investigator. Either they were not interviewed or added to the Summary. The Human Rights Board made their discussion on 11/18/09, but they didn't read my whole case until after their decision. I was told I would get their written decision in seven (7) days, but I didn't get it until 20 days.

I may prevail by proving by preponderance of the evidence that the reasons I was banned were not the true reasons, but rather they were pretext for discimination. Pretext may be proven by evidence that a discriminatory motive was the reason for their actions or that its explanations are not credible and are unworthy of belief. After my witness did not appear in the summary to the H.R Board, and they did not read my whole case before they made their decision. I knew I had to have an attorney. So on 12/14/09 I sent the summary to the lawyer. I could not get in touch with him until 1/13/10. He said he was not going to take my case.

I filed in District Court on 1/19/10 for Judicial Review on 1/25/11. The Court entered an order dismissing my Petition for Judicial Review. Then I filed a motion for a new trial and Amendment of Judgment on 1/31/11, Rule 59A EN SEC 59, CH13L. 1961 and Sup. Ct. Ord. 10750-9 May 21, 1969, EFF, July 1, 1969 and Sup. Ct. Ord. 10750, Dec. 31, 1975, EFF. March 1, 1976.

This motion was denied 2/22/11. This would have left the court, take additional testimony, amend the findings of facts and conclusion of law or make new findings and conclusions,, set aside, vacate, modify or confirm any judgment that may have been entered or direct the entry of a new judgment.

Supreme Court Reviews a District Court conclusion of Law to determine if they are correct. HD Irrigating Inc. v. Kimble Properties, Inc., 8 P. 3d 95, 3ol Mont. 34 2000 Mt 212. I added if Human Rights would have acted properly I would not have been late filing or needed a lawyer. I ask to be granted Rule 60B Mistakes Inadvertence — Excusable Neglect — Newly Discovered Evidence — Fraud, etc. En Sec. 60 CH. 13, L. 1961; and Sup. Ct. Ord. 10750 — 7. Sept. 29, 1967, Eff. Jan. 1, 1968; and Sup. Ct. Ord. May 1, 1990, Eff. May, 1, 1990.

1

## STANDARD OF REVIEW

II   Appellate Court is not bound by the Trail Court's conclusion of Law and remains free to reach its own conclusion based on the record before it.  McCauley v. Thompson - Nistler

10 P. 3d 794, 301 Mont, 81, 2000Mt 215.

## SUMMARY OF ARGUMENT

III   My case should have been dismissed because of Human Rights Neglect, under Rule 60B.  Because of their neglect is the reason why I was late filing for review.  If Human Rights did not neglect my witness, my case should have went beyond the Human Rights Commission.

## MONTANA SUPREME COURT
## OF THE STATE OF MONTANA

---

### IV  ARGUMENT

--------------------------------------------------------

I am asking to be Grant Rule 60B, Mistakes, Inadvertence — Excusable Neglect, Newly Discovered Evidence — Fraud etc.

1. Now I think my case should not have went beyond human rights in the first place. On 10/14/08 or about there was suppose to be a complaint about me to the Sheriff's Department. This is not true. I begged the investigator to talk to Sheriff's Department Gary Wiesner. He told he it wasn't needed.

2. When I denied the Sheriff's Department came to my home, in my April 27, 2009 Brief, the Investigator should have checked it out. I should not have to do my own investigation. The Sheriff's Dept. and three other key witnesses was not in the summary. That would show Wild Jacks is not telling the truth. Mark Martin and Tim Knutfon both told me they were both interviewed. When I got banned, they were in the Casino, witness to. I did not get mad, loud or swearing and Kathy Jo Woodley didn't know I got banned. Belinda Meeks, D & D Grocery store not in summary, told me she was interviewed, witness to I didn't have time to do what Bell said happened in the parking lot. My wife was only in the store a few minutes.

3. Gary Dilleree in summary witness to what he heard in Wild Jacks. Gary Dilleree heard about a month or two before I was banned. He overheard Bell talking to some employees when she said, He's coughing and smoking and people don't like to be around it.

4. Gary Wiesner Sheriff Dept. was not interviewed. I called the Sheriff's Dept. 5/18/09 and talked to Michael (Badge No. 779). She said there was nothing on file. She said, "I would check into it further, then she told me to call Gary Wiesner.

5. On 11/18/09 at the Human Rights Board, I asked the Board if they read my case, and they said yes. I told the Board about the Sheriff's Dept., and said about the video tapes, would show what did or did not happen in parking lot or anywhere else. Then the Board

3

made their decision. I wold get a copy of it in 7 days. About 10 days later I still did not receive their copy of the decision. I called Human Rights and Kim said now they're reading the whole case, and she didn't know why, she said I lost. What did they base their decision, just the summary, without my key witness in it. I got my copy of the decision from the Board on 12/08/09, some 20 days after the Board.

6. Now I was told by Human Rights that I didn't need a lawyer. But I thought I should have one. But after the Human Rights Board, I knew I had to have a lawyer or lose. I couldn't present any new witnesses or evidence after the investigation.

On 12/14/09 I called Attorney Tom Bullman. I spoke to him about my Human Rights case. I told him I got my answer back from the Board on 12/08/09. He told me to fax the Summary of the Investigation to him, which I did 12/14/09. At this time I thought I had a lawyer. I waited some time. I did not hear from him. I called and left messages with his receptionist many times, and still no return calls. Finally, on 1/13/09 I called again and he finally answered the phone himself. That's when he told me he wasn't going to take my case. He told me he couldn't win my case if I paid him $200/hr. He made his decision on the summary, the same summary as the Board did, without my four witnesses in it. I put all my faith in these people and the system to do the right thing.

7. Apparently my witnesses, mainly Gary Dilleree, was discussed with the Respondents. I have no problem with that but I wonder why I never was questioned about their witness. I found out about them in the Summary. Shouldn't I have the same rights to answer their statements. The only ones I know about were Bell, Foley, and Woodley.

8. I don't think it was right for the Investigator to discuss my health to anyone but my doctor. He asked me for character witnesses, not medical. It's okay to ask if I cough but not why.

9. When my wife was fired by Sharon Bell, I made a point of telling my wife to tell everyone she quit. When people asked where Cheryl was at, they said she quit. My wife was fired and banned for things she didn't do. Would it not be reasonable for her to try to clear this up? But she never harassed or made harassing telephone calls to anyone. In the Summary, Woodley states how much time I spent in the casino, before and after my wife started working there. How would Woodley know this. She started working there

4

long after my wife did, unless Bell did complain to her. Woodley said after my wife started working there I was going in every day. We feel this is why my wife was fired and banned. Gary Dilleree overheard Bell complaining to the bartender right before my wife was fired. She denied any misconduct that she was fired for and banned for. Aug. 28, 2008 Cheryl got fired, and 6 days later she got banned. Bell knows she could not ban me for my health. So she willfully and deliberately went after my wife to get to me.

10. The last time I was in Wild Jacks before the 27th of Sept. was Sept. 19th. I got Lotto tickets and said hi to two friends. Bell was in the Casino, I was okay then, so what happened. I wasn't in all that week. I got my Lotto tickets in Helena. Sept. 27, 2008 when I went in to Wild Jacks for tickets, I asked for a cup of coffee. That's when Woodley brought the table over to me, and showed me I was banned. I asked her why, she said she didn't know; Bell wrote it on the table. Mark Martin and Tim Knutfon were witness to this. Sharon Bell went on vacation for two weeks starting Sept. 22, 2008.

11. Wild Jacks shows no times and dates, or video tapes, Sheriff Dept. reports, or phone messages to any harassing behavior. If we would have harrassed these people the way they said we did, why wouldn't they have called the Sheriff's Dept. and put a restraining order on us.

So how can I defend myself, other than the Sheriff's Dept, that I begged the investigator to call.

12. Now about the parking lot where I spoke to Bell. On 10/4/08 my wife and I went to D & D Grocery store. My wife went in and I waited outside for her. After a few minutes I seen Sharon Bell come out of Wild Jacks.

I drove across Hwy. 200 to ask her why I got banned. This is when she told me I cough too much and the customers are complaining. She didn't say who they were if any, maybe she didn't like my coughing. I was only there for one or two minutes. This was the only thing I asked or said to Bell. I got back in my truck and went back to D & D store to tell my wife I spoke to Bell. I went inside; she was just getting to the checkout clerk, Belinda Meeks. She remembers this well. Belinda Meeks knows my wife was not in the store long; she knows where everything is at. What Bell says happend in the parking lot did not happen.

5

13. Now lets look at the accusations of bad behavior. We were supposed to be harassing them, swearing, making hang up calls, profane calls at home and work, lighting matches and throwing them around, flicking ashes on the floor. My wife was supposed to be outside intimidating the bartenders, I was trying to intimidate Bell in the parking lot, hitting her car windows. They had to close Wild Jacks 1-1/2 hours early, at great expense to Mountain View Co-op. My wife was accused of pulling guns on people at one time, which never happened. Woodley said after I left the parking lot Bell went back inside visibly shaking. Then Bell was concerned about Woodley, and she would come back at closing time. Mountain View Co-op said it was their duty to protect their employees, customers, but we were only banned from the Casino, not the rest of Mountain View Co-op complex, and they never called the Sheriff's Dept or filed a complaint. Because not one of these accusations is true.

## CONCLUSION

I respectfully ask the Court not to dismiss my case, and judge the Human Rights case.

William Shriner
P.O. Box 572
Lincoln, MT 59639

## Certificate of Service

The undersigned William Shriner certifies that a true and correct copy of the Supreme Court Brief was mailed to the following by US Mail, postage prepaid on this ___/8___ of May 2011.

| | |
|---|---|
| Human Rights MT<br>1625 11th Ave.<br>Helena, MT 59624 | Lewis & Clark County Court House<br>228 Broadway, Rm. 104<br>P.O. Box 158<br>Helena, MT 59624 |
| Sara Sexe<br>Attorney at Law<br>PO Box 1525<br>Great Falls, MT 59403 | MT Supreme Court<br>State of Montana<br>P.O. Box 203003<br>Helena, MT 59620 |

_____

## CERTIFICATE OF COMPLIANCE

The undersigned certifies that the above and foregoing APPELLANTS' BRIEF, complies with the requirements of Rules 11 and 16, M.R. App. P., as amended. This motion is double-spaced, except for quoted and indented material, and is proportionately spaced utilizing a 14-point Times New Roman typeface. The total word count in the document, excluding the certifications is 2,194, as calculated by the undersigned's word processing system.

_____

William Shriner
P.O. Box 572
Lincoln, MT 59639

NANCY SWEENEY
CLERK DISTRICT COURT
FILED BY **LISA KALLIO**
DEPUTY
2011 JAN 25 A 10: 52

## MONTANA FIRST JUDICIAL DISTRICT COURT
## LEWIS AND CLARK COUNTY

| | |
|---|---|
| WILLIAM SHRINER,<br><br>Petitioner,<br><br>v.<br><br>DEPARTMENT OF LABOR AND INDUSTRY,<br><br>Respondent. | Cause No. BDV-2010-41<br><br>**ORDER** |

This case began with Petitioner William Shriner (Shriner) filing a petition for judicial review against the Department of Labor and Industry on January 19, 2010.

The root of the problem in this case is that apparently Shriner was banned from a casino in Lincoln, Montana. He filed a complaint with the Human Rights Bureau (HRB), which investigated his complaint. The HRB issued a notice of dismissal, and Shriner timely filed an objection with the Human Rights Commission (Commission). The Commission then reviewed the HRB's decision to dismiss the complaint. By an ordered dated December 8, 2009, the Commission overruled

Shriner's objections and affirmed the determination of the HRB. The matter before this Court is DOLI's motion to dismiss the complaint.

As clearly noted in the Commission's order, Shriner had two options after December 8, 2009. First, he could have commenced a civil action in district court pursuant to Section 49-2-511(3)(a), MCA, or, in the alternative, he could petition the district court to review the decision of the Commission. Section 49-2-511(3)(b), MCA. The petition for judicial review, if that is the avenue selected, must be requested within 30 days. Here, although being clearly told that he had 30 days to file his petition for judicial review, the petition was filed in excess of the 30-day period.

The Court is mindful of the Montana Supreme Court's recent decision in *BNSF Ry. Co. v. Cringle*, 2010 MT 290, 359 Mont. 20, __ P.3d __. In that case, the supreme court noted that the filing deadlines in the Human Rights Act should not be deemed to deny a court jurisdiction. Rather, the court preferred that deadlines be called "procedural time bars." *Id.*, ¶ 18. The supreme court noted that "a litigant who properly raises a procedural time bar may expect the time bar to be applied 'regularly and consistently.'" *Id.* However, the court noted that time bars were subject to equitable principles. *Id.*

Here, no equitable principle excuses the late filing in this case. Schriner filed a document with the Court on March 8, 2010 stating that he had a lawyer look over the papers. Although Schriner stated that the lawyer had the papers since December 7, that seems a bit unusual to this Court since the Commission's decision was not issued until December 8, 2009. Schriner further informed the Court that the lawyer did not give the papers back to him until January 13, 2010. Unfortunately, the deadline had expired on January 7, 2010.

/////

1   The complaint here is more likely against the lawyer who "had the
2   papers," for in excess of 30 days and apparently did nothing for Petitioner. The
3   deadlines were clearly and specifically set forth in the Commission's order of
4   December 8, 2009. The language informing Petitioner that he had 30 days to file a
5   petition for judicial review written in plain, easily understandable English and did not
6   require the services of an attorney for their interpretation. While Petitioner may have
7   sought out an attorney for advice on his petition for judicial review, in the view of this
8   Court, he cannot rely on his *pro se* status to extinguish procedural time bars.
9   Therefore, since the petition for judicial review was not timely filed, this
10  matter is DISMISSED with prejudice.
11  DATED this 25 day of January 2011.

JEFFREY M. SHERLOCK
District Court Judge

15  pcs:   William Shriner
        Marieke Beck

T/JMS/schriner v doli order.wpd

ORDER - Page 3

Sara R. Sexe
MARRA, SEXE, EVENSON & BELL, P.C.
2 Railroad Square, Suite C
P.O. Box 1525
Great Falls, Montana 59403-1525
Telephone: (406) 268-1000
Facsimile: (406) 761-2610
Direct e-mail: ssexe@marralawfirm.com

(Attorneys for Wild Jack's Casino)

NANCY SWEENEY
CLERK DISTRICT COURT

2011 MAR -8 AM 10: 16

FILED
BY _____
   Deputy

## MONTANA FIRST JUDICIAL DISTRICT COURT
## COUNTY OF LEWIS AND CLARK

WILLIAM SHRINER,

   Petitioner,

v.

DEPARTMENT OF LABOR,
WILD JACK'S CASINO,

   Respondent.

Cause No. BDV 2010-41

---

### NOTICE OF ENTRY OF JUDGMENT

---

TO: Petitioner, William Shriner:

YOU WILL PLEASE TAKE NOTICE that on the 22nd day of February, 2011, the Court, on behalf of Respondents, entered an *Order* in the above-entitled action, a copy of which is herewith served upon you.

//
//
//
//

1

DATED this 7th day of March, 2011.

MARRA, SEXE, EVENSON & BELL, P.C.
2 Railroad Square, Suite C
P. O. Box 1525
Great Falls, MT 59403-1525

By _____
    Sara R. Sexe

## CERTIFICATE OF MAILING

I hereby certify that a copy of the within and foregoing NOTICE OF ENTRY OF JUDGMENT was mailed on the 7th day of March, 2011 at Great Falls, Montana, and directed to the following:

William Shriner
P.O. Box 572
Lincoln, MT 59639

_____
Linda M. Decker

2

2011 FEB 22 A 10:00

⸺⸺⸺ⱷ

BY⸺⸺⸺⸺
    DEPUTY

# MONTANA FIRST JUDICIAL DISTRICT COURT
## LEWIS AND CLARK COUNTY

| | |
|---|---|
| WILLIAM SHRINER, | Cause No. BDV-2010-41 |
| Petitioner, | |
| v. | **ORDER** |
| DEPARTMENT OF LABOR, WILD JACK'S CASINO, | |
| Respondent. | |

The Court entered an Order on January 25, 2011 dismissing Petitioner's petition for judicial review. Petitioner has filed a motion for a new trial and amendment to the judgment. However, there is nothing in the documents provided to the Court that would change the fundamental holding of this Court's earlier Order.

Therefore, Petitioner's motion for a new trial is DENIED.

DATED this 2̲2̲ day of February 2011.

JEFFREY M. SHERLOCK
District Court Judge

pcs:   William Shriner
       Marieke Beck
       Sara R. Sexe

T/JMS/shriner v dept of labor order.wpd