# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

| | |
|---|---|
| WILLIAM H. SHRINER,<br><br>Plaintiff,<br><br>vs.<br><br>WILD JACK'S CASINO, ET AL.<br><br>Defendants. | Cause No. CV 11-00063-H-DWM-RKS<br><br>FINDINGS AND RECOMMENDATION TO DISMISS AMENDED COMPLAINT |

Mr. Shriner filed a motion for leave to proceed in forma pauperis and a complaint on October 20, 2011. C.D. 1, 2. Mr. Shriner was permitted to file an amended complaint to determine whether he stated a claim under the Americans with Disabilities Act (ADA) and whether his action was barred by the statute of limitations. C.D. 4. Mr. Shriner filed an amended complaint on November 9, 2011. C.D. 5. Mr. Shriner's amended complaint should be dismissed because it is barred by the statute of limitations and the Rooker-Feldman doctrine.

## I. Allegations

Mr. Shriner alleges he was banned from Wild Jack's Casino on September

27, 2008, because of his I.P.F¹. C.D. 5, p. 4. Mr. Shriner alleges Ms. Woodly, a bartender at Wild Jack's Casino, banned him from the casino under supervisor Ms. Bell's orders because his coughing was irritating other customers. C.D. 5, p. 4.

Mr. Shriner states that he filed a petition with the Montana Human Rights Board in February 2009, and had a hearing on November 18, 2009. *Id.* His petition was denied December 8, 2009. C.D. 6-1, p. 12. Mr. Shriner alleges he was late filing for judicial review of this decision because the attorney he sent his case summary to did not respond to him until January 13, 2010, exceeding the thirty day filing deadline. C.D. 5, p. 5. Mr. Shriner states that his "case is on appeal to United States District Court." *Id.* He seeks $15,000,000 in damages.² *Id.* at 6.

## II. Procedural History

Mr. Shriner filed a complaint with the Montana Human Rights Bureau who investigated and eventually dismissed his complaint. C.D. 6-1, p. 12. Mr. Shriner sought review with the Human Rights Commission, who affirmed dismissal of his

---

¹It is presumed I.P.F. stands for Idiopathic Pulmonary Fibrosis due to the document on Pulmonary Fibrosis Mr. Shriner attached to his amended complaint, and his allegation that he was banned for incessant coughing. C.D. 5-1.

²Mr. Shriner was previously informed that monetary damages are not available under Title III of the ADA, but persists in seeking monetary relief. C.D. 4, p. 5; *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007).

claim on December 8, 2009.  *Id.*  Mr. Shriner filed a petition for judicial review in Lewis and Clark County District Court on January 19, 2010, Cause No. BDV-2010-41.  *Id.*  His petition was dismissed with prejudice as untimely.  *Id.* at 14.  Mr. Shriner appealed that decision to the Montana Supreme Court, who affirmed on August 23, 2011.  *Shriner v. Dept. of Lab. & Indus., Wild Jack's Casino*, DA 11-0138 (Mont. Aug. 23, 2011).

Mr. Shriner filed a complaint and motion to proceed in forma pauperis in this Court on October 20, 2011. C.D. 1, 2.  It appeared Mr. Shriner's complaint was barred by the statute of limitations, and did not state a claim under the ADA as submitted, so Mr. Shriner was granted 30 days to file an amended complaint to attempt to cure those defects.  C.D. 4.  Mr. Shriner filed an amended complaint on November 9, 2011, C.D. 5, and additional attachments on November 10, 2011, C.D. 6.

### III.  Review Under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A

Complaints for plaintiffs proceeding in forma pauperis are required to be reviewed under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Such complaints are required to be dismissed prior to being served upon defendants if they are frivolous, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v.*

*Stahl*, 254 F.3d 845 (9th Cir. 2001)(per curiam)(statute is not limited to prisoners). "In determining whether a complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994)(per curiam). Although federal courts liberally construe pro se pleadings, they "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

## IV. Discussion

Mr. Shriner's amended complaint should be dismissed because it is barred by the statute of limitations and the Rooker-Feldman doctrine.

### 1. Statute of Limitations

Montana's three-year statute of limitations for personal injury actions applies to ADA claims. Mont. Code Ann. § 27-2-204 (2011); *Donoghue v. Cnty. of Orange*, 848 F.2d 926, 930 (9th Cir. 1987); *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1135 (9th Cir. 2001). Federal law determines when the statute of limitations begins to run, and that is when a plaintiff knows or has reason to know of the injury that is the basis of the action. *Alexopulos by and Through Alexopulos v. San Francisco Unified Sch. Dist.*, 817 F.2d 551, 555 (9th Cir. 1987).

Mr. Shriner was required by prior order to explain why his complaint should

not be barred by the statute of limitations. C.D. 4, p. 7. He did not do so. Instead, Mr. Shriner again says he was banned from Wild Jack's Casino on September 27, 2008. C.D. 5, p. 5. He knew of the injury that is the basis of this action on that day. Any complaint filed after September 27, 2011, is barred by the statute of limitations. Mr. Shriner filed his complaint in this court on October 20, 2011. C.D. 2. Mr. Shriner's complaint should be dismissed as barred by the applicable statute of limitations.

**2. Rooker-Feldman**

Since a judgment was issued in Mr. Shriner's state court case prior to the filing of this action, any claims seeking a review of that judgment are also barred by the Rooker-Feldman doctrine. Pursuant to this doctrine, federal district courts lack jurisdiction to review cases appealing state court judgments rendered before the federal district court proceedings commenced. *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284, (2005). Federal district courts generally lack the authority to review state judgments pursuant to 28 U.S.C. § 1257, since only the United States Supreme Court has such jurisdiction. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, (1983). This doctrine "recognizes the implicit statutory structure established by Congress, which has determined that

the United States Supreme Court is the only federal court with jurisdiction to hear appeals from state courts." Maldonado v. Harris, 370 F.3d 945, 949 (9th Cir. 2004).

In his amended complaint, Mr. Shriner states his case is "on appeal to United States District Court Case No. DA-11-0138." C.D. 5, p. 5. Mr. Shriner cannot appeal the results of his state court proceedings in this Court due to the Rooker-Feldman doctrine.

## V. Conclusion

Mr. Shriner's amended complaint should be dismissed because it is barred by the statute of limitations and the Rooker-Feldman doctrine.

**Certification Regarding Appeal**

The Federal Rules of Appellate Procedure provide as follows:

> A party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken

in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The findings that Mr. Shriner failed to file within the statute of limitations and that his claims are barred by the Rooker-Feldman doctrine are so clear no reasonable person could suppose an appeal would have merit. Therefore, this Court should certify that any appeal in this case would not be taken in good faith.

The Court issues the following:

### RECOMMENDATIONS

1. Mr. Shriner's Complaint should be **DISMISSED** for failure to file within the applicable statute of limitations and for lack of subject matter jurisdiction. The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court should be directed to have the docket reflect that the

Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. Mr. Shriner's failure to file within the applicable statute of limitations and the lack of jurisdiction is so clear no reasonable person could suppose an appeal would have merit. The amended complaint is frivolous as it lacks arguable substance in law or fact.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Shriner may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 15th day of November, 2011.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge