IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| WILLIAM H. SHRINER, | ) | CV 11-63-H-DWM-RKS |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| WILD JACK'S CASINO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

The plaintiff, William H. Shriner, filed a complaint, alleging that he was unlawfully banned from Wild Jack's Casino. (Dkt # 2). He is proceeding pro se and in forma pauperis.

The matter was referred to Magistrate Judge Strong under 28 U.S.C. § 636(b). Judge Strong ordered Mr. Shriner to file an amended complaint under 28 U.S.C. §§ 1915, 1915A, (dkt # 4), and Mr. Shriner did so on November 9, 2011, (dkt # 5).

1

Judge Strong recommends dismissing Mr. Shriner's complaint because his claims are barred by the statute of limitations and the Rooker-Feldman doctrine. (Dkt # 4). Mr. Shriner timely objected to Judge Strong's Findings and Recommendation. (Dkt # 6). He is therefore entitled to de novo review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The Court reviews portions of the Findings and Recommendation not specifically objected to for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981).

Since the parties are familiar with the facts of this case, they are restated here only as necessary to explain the Court's decision.

The Court agrees with Judge Strong's recommendation that Mr. Shriner's amended complaint should be dismissed. Mr. Shriner's claims are barred by the statute of limitations. In his objections, Mr. Shriner disputes that conclusion. He writes: "On Aug 23, 2011, my case was dismissed from [the] MT Supreme Court. I was told I had 90 days to file in U.S. District Court for [a] civil action. This is not an appeal." 2 (dkt # 8).

Regardless of how much time Mr. Shriner had to file his case in this Court after the case was dismissed from the Montana Supreme Court, he must still satisfy the three-year statute of limitation. Mont. Code Ann. § 27–2–204; Daviton v. Columbia/HCA Healthcare Corp., 241 F.3d 1131, 1135 (9th Cir. 2001). He has

not done so. Nor has he explained why the statute should be tolled or why his late filing should otherwise be excused.

Since Mr. Shriner's complaint is barred by the statute of limitations, the Court need not resolve the Rooker-Feldman issue. See 5–6 (dkt # 7)

The Court finds no clear error in the portions of Judge Strong's Findings and Recommendation to which Mr. Shriner does not object.

Accordingly, IT IS HEREBY ORDERED that William Shriner's amended complaint (dkt # 5) is DISMISSED as barred by the statute of limitations.

DATED this 2nd day of August 2011.

Donald W. Molloy, District Judge
United States District Court